■ LM Ericsson Telecommunications, Inc., Respondent, v Hofferman Motel Corp. et al., Appellants. Hofferman Motel Corp. et al., Third-Party Plaintiffs, v J. T. Princ Motel Corp. et al., Third-Party Defendants. — Judgment, Supreme Court, New York County (Galligan, J.), entered on August 9, 1982, unanimously affirmed. There is no evidence in this record of any defect in the equipment, and therefore summary judgment was warranted. Respondent shall recover of appellants $75 costs and disbursements of this appeal. No opinion. Concur — Sandler, J. P., Sullivan, Bloom, Fein and Alexander, JJ.

■ The People of the State of New York, Respondent, v John Coates, Appellant. — Judgment, Supreme Court, New York County (B. Altman, J.), rendered on April 20, 1982, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sandler, J. P., Sullivan, Bloom, Fein and Alexander, JJ.

■ The People of the State of New York, Respondent, v Jose Cartagena, Appellant. — Judgment of resentence, Supreme Court, New York County (Lang, J.), rendered on January 20, 1981, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.

■ The People of the State of New York, Respondent, v Robert Scarpa, Appellant. — Judgment, Supreme Court, New York County (Rettinger, J.), rendered on August 4, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Sullivan, J. P., Silverman, Lynch, Milonas and Alexander, JJ.

■ In the Matter of the Estate of Seymour Fox, Deceased. Bernice G. Fox et al., Respondents; Patricia M. Fox, Appellant. — Order entered February 1, 1982 in Surrogate's Court, New York County (Midonick, S.) confirming the escrowee's report and ordering distribution according to its terms, unanimously reversed, on the law and the facts, without costs, and the matter is remanded for a hearing on the question of whether respondent waived arrearages by her failure to submit to the decedent income tax returns as required by the separation agreement. Insofar as the separation agreement specifically provided that "[n]othing herein contained shall require the Wife, in case of any default on the Husband's part, to resort to the Security if she does not wish to do so", the Surrogate correctly found that there was no waiver by respondent merely by virtue of her inactions. However, a question is raised as to whether respondent complied with paragraph 4 (d) of the separation agreement requiring her to deliver copies of her income tax returns to decedent within five days after their being filed. If she did not, it may be that she has waived her rights to any sum beyond $20,000 for each year that she failed to comply. We find it necessary to remand for a hearing on this issue as we are unable, upon this record, to discern the merits of appellant's claim — originally presented to the escrowee — that the arrears were grossly overstated. Concur — Carro, J. P., Bloom, Fein, Lynch and Kassal, JJ.